UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. TURNER Jr., <br><br>　　　　　　　　　Plaintiff, <br><br>vs. <br><br>COUNTY OF SAN DIEGO, WILLIAM D. GORE, GEORGE BAILEY, OFFICER HERNANDEZ, OFFICER FARRIS, STATE OF CALIFORNIA, <br><br>　　　　　　　　　Defendants. | Case No.:  14-cv-02003-JAH-JLB <br><br>**REPORT AND RECOMMENDATION GRANTING DEFENDANT STATE OF CALIFORNIA'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** <br><br>[ECF No. 31] |

　　　The Court submits this Report and Recommendation to United States District Judge John A. Houston pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the United States District Court for the Southern District of California.  After a thorough review of the operative complaint (ECF No. 6) and Defendant State of California's Motion to Dismiss (ECF No. 31), this Court **RECOMMENDS** Defendant State of California's Motion to Dismiss (ECF No. 31) be **GRANTED**.

**I.	Procedural History**

　　　On June 4, 2015, Defendant State of California filed a motion to dismiss the operative complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that "the State of California is immune from suit under the Eleventh Amendment to the United States Constitution and Plaintiff cannot support his claims against the State of

California on a respondeat superior theory of liability because a county sheriff does not act on behalf of the State of California in administering the jails." (ECF No. 31 at 2.) Also on June 4, 2015, the Court ordered Plaintiff to file a written opposition to the State's motion to dismiss by July 2, 2015 and set a motion hearing date of August 13, 2015. (ECF No. 33.) Over two months have passed since Plaintiff's deadline to file an opposition. To date, Plaintiff has not filed an opposition to the State's motion to dismiss.

## II.     Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

A motion to dismiss may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Hinds Inv., L.P. v. Angioli,* 654 F.3d 846, 850 (9th Cir. 2011) (quoting *Johnson v. Riverside Healthcare Sys., LP,* 534 F.3d 1116, 1121 (9th Cir. 2008)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### III. Analysis

#### A. Eleventh Amendment Immunity

This action arises from an alleged incident wherein San Diego County Sheriff's deputies used force on Plaintiff on December 3, 2013. The alleged incident occurred in and at a time when Plaintiff was incarcerated in the George Baily Detention Facility, a San Diego County jail. Plaintiff sues the State of California under 42 U.S.C. §§ 1983, 1985, and 1986 for alleged violation of his Fourth, Sixth, Eighth, and Fourteenth Amendment rights. Plaintiff also claims that his rights under California Government Code, sections 815.2, 815.6, 820, 844.6, 910, 912(c), and 950 were violated. Defendant State of California moves the Court to dismiss this case as pled against it because the State of California is immune from suit under the Eleventh Amendment to the United States Constitution.

The Eleventh Amendment bars suits against the State of California "unless Congress has abrogated state sovereign immunity under its power to enforce the Fourteenth Amendment or a state has waived it." *Holley v. California Dep't Of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010); *see also Bailey v. Root*, No. 10-CV-0367-BTM-CAB, 2010 WL 2803950, at *4 (S.D. Cal. July 14, 2010) (the Eleventh Amendment "prohibits suits against a state or its agencies or departments for legal or equitable relief"). "Both the Ninth Circuit and the Supreme Court have recognized that the 'State of California has not waived its Eleventh Amendment immunity with respect to claims

1 brought under § 1983 in federal court.'"  *Aleto v. California*, No. 15-cv-0842-RGK-JEM,

2 2015 WL 4507001, at *3 (C.D. Cal. July 23, 2015) (citing *Dittman v. California*, 191

3 F.3d 1020, 1025-26 (9th Cir. 1999); *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234,

4 241 (1985)); *Bell v. California Dep't of Corr. & Rehab.*, No. 14-CV-1397-BEN-PCL,

5 2015 WL 4109819, at *2 (S.D. Cal. July 6, 2015) (same).

6 Here, Plaintiff does not allege any facts or law demonstrating an abrogation or

7 waiver of the State of California's Eleventh Amendment Immunity applicable to this

8 case.  Rather, the State of California has asserted its Eleventh Amendment immunity.

9 Accordingly, Plaintiff's claims against the State of California are subject to dismissal

10 pursuant to the Eleventh Amendment.

11 The State also argues that dismissal is appropriate because there can be no

12 respondeat superior liability against the State based on the conduct at issue here.  At issue

13 here is alleged conduct by certain San Diego County Sheriff's deputies.  The State

14 argues, and Defendant County of San Diego does not dispute for purposes of this

15 motion,[1] that the San Diego County Sheriff's deputies are county actors.  As such,

16 respondeat superior theory of liability against the State would fail.  The Court agrees.

17 *See Streit v. Cnty. of L.A.*, 236 F.3d 552, 564 (9th Cir. 2001) (finding that sheriffs were

18 not listed in the California Constitution as part of the "state executive department" and

19

20

---

[1] Defendant County of San Diego did not file any papers in connection with the State's motion to dismiss.

were therefore agents of the counties when managing jails instead of the state); *Jackson v. Barnes*, 749 F.3d 755, 766 (9th Cir. 2014) ("a sheriff's department is a county actor when it investigates crime"); *Brewster v. Shasta Cnty.*, 275 F.3d 803, 811 (9th Cir. 2001) (same).  Thus, Plaintiff fails to plead facts demonstrating that Defendant State of California is liable for the misconduct alleged.

### B. Civil Local Rules 7.1 and 83.1

The Court also recommends dismissal under Civil Local Rules 7.1.f.3.c and 83.1.a of the Local Rules of Practice for the United States District Court for the Southern District of California.  Civil Local Rule 7.1.f.3.c directs that an opposing party's failure to oppose a motion "may constitute a consent to the granting of [that] motion." CivLR 7.1.f.3.c.  Similarly, Civil Local Rule 83.1.a directs that failure of a party to comply with the Civil Local Rules, or with any order of the court, "may be ground for imposition by the court of any and all sanctions authorized by statute or rule or within the inherent power of the court, including, without limitation, dismissal of any actions, entry of default, finding of contempt, imposition of monetary sanctions or attorneys' fees and costs, and other lesser sanctions." CivLR 83.1.a.

District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules.  *Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004) ("All federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to

ensure obedience to their orders . . . . As a function of this power, courts can dismiss cases in their entirety, bar witnesses, award attorney's fees and assess fines."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion). However, before dismissing an action for failure to comply with local rules, courts "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions.'" *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)). That Plaintiff is proceeding pro se in this action does not excuse his failure to follow the rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

      Here, Defendant State of California attached a Certificate of Service to its motion, representing that the State timely served Plaintiff with the State's motion to dismiss by First-Class Mail at his address of record. (ECF No. 31-1 at 8.) Moreover, the Court provided Plaintiff with adequate time to prepare a written opposition to the State's motion. Over two months have passed since Plaintiff's deadline to file an opposition, and still Plaintiff has not filed an opposition. Further, the State's grounds for an order of dismissal are supported by the authority to which it cites. (*See* ECF No. 31-1.) Thus, the

Court concludes that the majority of the *Ghazali* factors weigh in favor of dismissal, including "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendant." *See Ghazali*, 46 F.3d at 53.

### IV.  Conclusion

For the reasons outlined above, it is hereby RECOMMENDED that Defendant State of California's motion to dismiss (ECF No. 31) be GRANTED, that Defendant State of California be DISMISSED as a party to this action, and that the assigned District Judge issue an Order approving and adopting this Report and Recommendation.

**IT IS ORDERED** that no later than **October 2, 2015**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **October 9, 2015**.  The parties are advised that failure to file objections within the specified time may waive the right to raise to objections on appeal of the Court's order.  *See Turner v. Duncan,* 158 F.3d 449, 445 (9th Cir. 1998).

IT IS SO ORDERED.

Dated:  September 11, 2015

Hon. Jill L. Burkhardt
United States Magistrate Judge