UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| David B. Turner Jr., <br><br> Plaintiff, <br><br> v. <br><br> County of San Diego, et al., <br><br> Defendants. | Case No.: 14-cv-02003-JAH-JLB <br><br> **REPORT AND RECOMMENDATION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** <br><br> **[ECF No. 37]** |

The Court submits this Report and Recommendation to United States District Judge John A. Houston pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the United States District Court for the Southern District of California.  After a thorough review of Plaintiff's motion for summary judgment (ECF No. 37), Defendant State of California's opposition to summary judgment (ECF No. 40), and Defendant County of San Diego's opposition to summary judgment (ECF No. 41), this Court **RECOMMENDS** Plaintiff's motion for summary judgment (ECF No. 37) be **DENIED**.

I.      **Procedural History**

Plaintiff filed the First Amended Complaint ("FAC") on January 23, 2015.  (ECF No. 6.)  Plaintiff served the FAC on Defendant County of San Diego and former Defendant State of California on May 15, 2015.  (ECF No. 29.)  The State filed a motion to dismiss in response to the FAC on June 4, 2005.  (ECF No. 31.)  The County answered

1  the FAC on June 5, 2005 (ECF No. 34), and Plaintiff moved for summary judgment the
2  same day (ECF No. 37).
3       The State filed its opposition to Plaintiff's motion for summary judgment on July
4  1, 2015.  (ECF No. 40.)  The County filed its opposition to Plaintiff's motion for
5  summary judgment on July 2, 2015.  (ECF No. 41.)  Plaintiff's court-ordered deadline to
6  file a reply was July 23, 2015.  (ECF No. 38.)  Plaintiff failed to file a reply.
7       The Court issued a Case Management Conference Order in this action, setting a
8  deadline for motions for summary judgment of January 15, 2016.  (ECF No. 39 at p. 6,
9  ¶9.)  On July 10, 2015, the parties signed and filed a Joint Discovery Plan that reflects
10 this filing deadline and their intent to obtain discovery in the interim on the claims and
11 defenses in this case.  (ECF No. 42.)
12      On November 2, 2015, District Judge John A. Houston granted the State's motion
13 to dismiss and dismissed Plaintiff's claims against the State.  (ECF No. 55.)  Thus, the
14 State is no longer a party to this action.

15 **II.   Factual Background**

16      Plaintiff David B. Turner Jr., a former prisoner proceeding *pro se*, brought this
17 action under 42 U.S.C. § 1983 arising from a December 3, 2013 incident where Sheriff's
18 deputies allegedly used excessive force against him while he was a prisoner in San Diego
19 County's George Bailey Detention Facility ("GBDF").  The FAC's first claim alleges
20 Sheriff's deputies used excessive force against him. The second claim alleges the County
21 had a policy "that amounts to racism and deliberate indifference" to his right to equal
22 protection, and the third claim alleges 42 U.S.C §§ 1984 and 1986 conspiracies by
23 defendants.
24      The only document before the Court that explicitly addresses Plaintiff's allegations
25 about the December 3, 2013 incident is a County claim form.  (ECF No. 37 at pp. 7-10.)
26 The claim form appears to be signed by Plaintiff and asserts that, while Plaintiff was nude
27 and restrained at his wrists and ankles, deputies strangled Plaintiff until he blacked out in
28

the GBDF booking area on December 3, 2013, injuring his wrists and ankles such that he subsequently needed medical treatment. (*Id.*)

### III. Standard of Review

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "There is no requirement that the trial judge make findings of fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Rather, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" on the claim or defense identified by the movant. Fed. R. Civ. P. 56(a); *Liberty Lobby*, 477 U.S. at 250-51 ("If reasonable minds could differ as to the import of the evidence," judgment should not be entered in favor of the moving party).

In determining whether there is a genuine issue for trial, "a court must view the evidence in the light most favorable to the opposing party." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014); *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001). Further, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether [s]he is ruling on a motion for summary judgment or for a directed verdict." *Liberty Lobby, Inc.*, 477 U.S. at 255.

"When the party seeking summary judgment would bear the burden of proof at trial, [he] must come forward with evidence that would entitle him to a directed verdict if the evidence went uncontroverted at trial. . . . In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co., Inc.* v. *Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and quotations omitted). A moving party cannot establish a sufficient basis for summary judgment simply with argumentative assertions in legal memoranda, and generalized references to evidence are likewise insufficient. *S.A.*

*Empresa, Etc. v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982); Fed. R. Civ. P. 56(c), (e).

**IV.   Analysis**

    **1.   The State of California is No Longer a Party**

In his unsworn statement, Plaintiff argues summary judgment should be entered against Defendants, including Defendant State of California, for their alleged violation of his Fourth, Sixth, Eighth, and Fourteenth Amendment rights at the San Diego County jail, GBDF.  (ECF No. 37 at p. 3:12-13, 24.)  However, since the filing of Plaintiff's motion, the State has been dismissed as a party to this action.  Specifically, on November 2, 2015, the Court granted the State's motion to dismiss and dismissed Plaintiff's claims against the State.  (ECF No. 55.)  Therefore, as the State of California is no longer a party, Plaintiff's motion for summary judgment against the State should be denied.

    **2.   Plaintiff's Motion is Unsupported by Evidence and Premature**

Plaintiff's motion for summary judgment against Defendant County of San Diego also should be denied because, as is argued by the County, it is unsupported by evidence and premature.  (*See* ECF No. 41 at p. 8.)  Although Federal Rule of Civil Procedure 56 allows a motion for summary judgment to be filed "at any time until 30 days after the close of all discovery," the rule contemplates that the moving party will support his factual position with materials obtained through discovery and that the opposing party be allowed the opportunity to pursue discovery prior to responding to a motion for summary judgment.  Fed. R. Civ. P. 56(b)-(d).

Here, it is evident that Plaintiff filed his motion for summary judgment without the benefit of any discovery.  He fails to support his motion with any competent evidence, sworn statements, or citations to the record showing the absence of a genuine issue of material fact as to whether the County violated his civil rights at GBDF.  Plaintiff further fails to identify his claims, delineate his factual assertions in support of his claims, or set forth how his factual assertions cannot be genuinely disputed based on materials in the record.  *See* Fed. R. Civ. P. 56(a)-(c).  Rather, Plaintiff simply claims in broad,

generalized terms that "there is no genuine dispute" that the County violated his civil rights. (ECF No. 37 at p. 6:15-16.) Plaintiff attaches copies of various tort claims he filed, but there are no sworn statements within those materials definitively establishing the absence of a genuine issue of material fact, nor is there any evidence authenticating those documents.[1] Fed. R. Civ. P. 56(c)(2).

Plaintiff's motion is premature. Plaintiff filed his motion for summary judgment on June 5, 2015, the same day the County answered the FAC and just 1 day after the State filed its ultimately successful motion to dismiss. (ECF Nos. 31, 34.) At that time, discovery had not yet commenced. It was not until after the filing of Plaintiff's motion that, on June 19, 2015, the Court ordered the parties to meet, confer, and draft a joint discovery plan. (ECF No. 39.) The Court afforded the parties 7 months to engage in discovery and set January 15, 2016 as the deadline for the parties to file any motions for summary judgment. (*Id*. at p. 6, ¶9.) All parties agreed in their joint discovery plan to engage in and conclude discovery prior the January 15, 2016 summary judgment motion deadline. (ECF No. 42.)

In its July 2015 opposition, the County argues that Plaintiff's motion is premature and requests the opportunity to conduct discovery before summary judgment is decided. (*See* ECF No. 41 at p. 8.) Plaintiff did not file a reply and has not otherwise opposed Defendant's request to conduct discovery. The Court concludes that Plaintiff's motion should be denied without prejudice as premature both in the interest of judicial economy and to allow the parties the opportunity to support any future summary judgment motions with materials obtained in discovery (as contemplated by Rule 56). *See*, *e.g.*, *Moore v. Hubbard*, No. 06cv2187, 2009 WL 688897, at *1 (E.D. Cal. Mar. 13, 2009) (recommending that pre-discovery motion for summary judgment be denied as

---

[1] In contrast, Defendant County of San Diego filed its opposition with competent evidence demonstrating that Plaintiff has not met his initial burden of establishing the absence of a genuine issue of fact on each issue material to Plaintiff's case. (ECF Nos. 140 at p. 4-5.) However, because Plaintiff's motion is premature, the Court need not address Defendant's evidence in detail at this time.

premature); *see also Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (stating that when "a summary judgment motion is filed so early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," district courts should grant requests by nonmovants to take discovery prior to considering motion for summary judgment).

Therefore, Plaintiff's motion for summary judgment (ECF No. 37) also should be denied as it is unsupported by evidence and premature.

## V. Conclusion

For the reasons outlined above, it is hereby RECOMMENDED that Plaintiff's motion for summary judgment (ECF No. 37) be **DENIED**, and that the assigned District Judge issue an Order approving and adopting this Report and Recommendation.

**IT IS ORDERED** that no later than **January 8, 2016**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 15, 2016**. The parties are advised that failure to file objections within the specified time may waive the right to raise to objections on appeal of the Court's order. *See Turner v. Duncan,* 158 F.3d 449, 445 (9th Cir. 1998).

IT IS SO ORDERED.

Dated:  December 21, 2015

Hon. Jill L. Burkhardt
United States Magistrate Judge